*Preliminary Examination*

AO 432 (Rev. 2/84)

Administrative Office of the United States Courts

# WITNESS AND EXHIBIT RECORD

| DATE | CASE NUMBER | OPERATOR | | | | PAGE NUMBER |
|---|---|---|---|---|---|---|
| 12/28/07 | 07-253-M | Golden | | | | 1 |

| NAME OF WITNESS | DIRECT | CROSS | REDIRECT | RECROSS | PRESIDING OFFICIAL |
|---|---|---|---|---|---|
| DEA Special Agent Eric George Miller | 11:07am | 11:12am | — | — | Stark |

| EXHIBIT NUMBER | DESCRIPTION | ID | ADMITTED IN EVIDENCE |
|---|---|---|---|
| 1 | Criminal Complaint | 1 | yes |

AO 91 (Rev. 12/93) Criminal Complaint

# United States District Court

DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

ANTONIO MAGANA

Criminal Complaint

CASE NUMBER: 07-253-M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __December 21, 2007__ in __New Castle__ County, in the District of Delaware, defendant did knowingly:

Conspire with others to possess with intent to distribute over 500 grams of cocaine, a Schedule II narcotic controlled substance, in violation of Title __21__ United States Code, Section(s) __841(a)(1), (b)(1)(B) and 846__; and

Conspire with others to possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title __21__ United States Code, Section(s) __841(a)(1), (b)(1)(D) and 846__.

I further state that I am a(n) __Special Agent, DEA__ and that this complaint is based
                                    Official Title
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

FILED
DEC 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SA D.../
Signature of Complainant
David Hughes
Special Agent, DEA

Sworn to before me and subscribed in my presence,

December 22, 2007                                    at    Wilmington, DE
Date                                                       City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                          Signature of Judicial Officer

**AFFIDAVIT**

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for approximately eight years and one half years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education and experience, I have become familiar with methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and state courts regarding the distribution, transportation and concealment of illegal drugs.

2. This Affidavit is in support of a criminal complaint against Antonio MAGANA, d/o/b       1969 and Kevin MASON, d/o/b,       1974. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. On or about August 2, 2007, members of the U.S. Postal Inspection Service (USPIS) intercepted an Express Mail parcel containing approximately two kilograms of cocaine going to Delaware from California. Subsequently, on or about August 7, 2007, members of the U.S. Postal Inspection Service and the Drug Enforcement Administration (DEA) Wilmington, Delaware Resident Office initiated a controlled delivery of the aforementioned parcel that resulted in the arrest of an individual (hereafter referred to as CS-1). CS-1 cooperated with law enforcement and identified several co-conspirators involved in this drug trafficking organization. CS-1 advised that a male individual referred to as "Tony" or "T", later identified as Antonio MAGANA, utilized the postal service to forward cocaine and marijuana parcels from California to Delaware. CS-1 advised that MAGANA lived in California and was of Mexican descent. CS-1 advised that Kevin MASON and other co-conspirators were the intended recipients of these cocaine and marijuana parcels. CS-1 further advised that upon receipt of the cocaine and marijuana parcels from MAGANA, MASON and other co-conspirators would make them ready for street level distribution in Delaware. CS-1 later identified a U.S. Postal Service letter carrier via photo line-up as a co-conspirator in this drug trafficking organization that would facilitate the delivery of the cocaine and marijuana parcels to MASON and other co-conspirators. CS-1 further advised that on one occasion CS-1 witnessed the aforementioned U.S. Postal Service letter

carrier hand deliver a parcel that contained a controlled substance to MASON and received cash payment for said delivery.

4. Pursuant to obtaining this information, the USPIS initiated an inquiry of Express Mail parcels delivered in New Castle, Delaware 19720 and discovered that numerous parcels sent from California to New Castle, Delaware bearing the signature of the aforementioned U.S. Postal Service letter carrier. Subsequently, the USPIS initiated a mail watch to Postal Managers at the Philadelphia Air Mail Facility on all Express Mail parcels going to New Castle, Delaware from California.

5. On or about December 20, 2007, the USPIS and the DEA Wilmington Resident Office intercepted two Express Mail parcels. These parcels were later opened pursuant to a search warrant. The first parcel was found to contain (1) kilogram of cocaine. Your affiant believes the substance to be cocaine based on his training and experience, as well as a field test that came back positive for the presence of cocaine. The other parcel was found to contain approximately (2.1) kilograms of marijuana. Your affiant believes the substance to be marijuana based on his training and experience, as well as a field test that came back positive for the presence of marijuana. Both Express Mail parcels were destined for New Castle, Delaware from California and were due to be delivered by the aforementioned U.S. Postal Service letter carrier.

6. On or about December 21, 2007, members of the USPIS and the DEA established surveillance on the aforementioned U.S. Postal Service letter carrier in anticipation of the delivery of the suspect parcels. On December 21, 2007, at approximately 10:40 a.m., members of the USPIS and the DEA observed the U.S. Postal Service letter carrier meet with an individual at Notre Dame Avenue and Route 141, New Castle, Delaware and deliver the suspect parcels to that individual. Upon delivery, members of the USPIS and the DEA converged on and executed the arrest of both individuals. Both the U.S. Postal Service letter carrier (hereafter referred to as CS-2) and the individual that the suspect parcels were delivered to (hereafter referred to as CS-3) immediately cooperated with law enforcement and identified MASON as one of the individuals that was the intended recipient of a suspect parcel sent from California that was due to be delivered to MASON by CS-2. Post Miranda, CS-2 advised that CS-2 had delivered numerous parcels to MASON and CS-3 over the past several months. CS-2 advised that CS-2 would receive a $500.00 cash payment for each delivery. Post Miranda, CS-3 advised that MAGANA was the intended recipient of the suspect parcels that CS-2 delivered to CS-3. CS-3 advised that MAGANA had recently traveled to Delaware from California via commercial air line to coordinate the delivery of the suspect parcels and to receive $100,000.00 from MASON due to an outstanding drug debt. CS-3 further advised that MAGANA was staying at CS-3's residence awaiting the arrival of the suspect parcels.

7. On or about December 21, 2007, CS-2, under the direction and control of agents/officers, initiated a series of consensually monitored tape-recorded telephone calls to MASON regarding the delivery of a suspect parcel. During the aforementioned telephone calls, MASON agreed to meet with CS-2 to in the area of Old Airport Road in New Castle, Delaware to receive the suspect parcel. Subsequently, members of the DEA and the USPIS established

surveillance in and around the area of the aforementioned location as well as the residence that MASON occupied. Shortly thereafter, agents/officers observed MASON exit the residence that he occupied en route to meet with CS-2. Upon arrival to the aforementioned location, CS-2 delivered a suspect parcel to MASON. Upon delivery, agents/officers immediately converged on and executed the arrest of MASON. Post Miranda, MASON admitted that the suspect parcel that CS-2 delivered to him contained approximately (10) pounds of marijuana. A written consent search was obtained from MASON regarding the suspect parcel and it was later found to contain approximately (4.1) kilograms of marijuana. MASON advised that he had received numerous parcels that contained marijuana from California via Express Mail. MASON advised that MAGANA was the source of supply and that MAGANA utilized the postal service to forward cocaine and marijuana parcels from California to Delaware. MASON further advised that MAGANA was the intended recipient of two kilograms of cocaine that evening and that MASON had entered into an agreement with MAGANA to find him customers for the two kilograms of cocaine. Agents/Officers later responded to the residence in New Castle, Delaware that MASON had occupied prior to his arrest and obtained a written consent search. A search of the residence produced approximately two ounces of powder cocaine and one ounce of marijuana.

8. On or about December 21, 2007, CS-3, under the direction and control of agents/officers, initiated a series of consensually monitored tape-recorded telephone calls to MAGANA regarding the delivery of the aforementioned suspect parcels that were intercepted on December 20, 2007. During the aforementioned telephone calls, MAGANA advised that he was awaiting the arrival of the parcels from CS-3 and discussed the delivery and description of the parcels in detail. During the telephone calls, it was apparent that MAGANA was nervous about not being able to contact MASON and inquired as to his whereabouts. MAGANA also inquired to CS-3 as to whether or not the parcels had been tampered with. MAGANA further advised CS-3 that he was not comfortable with the situation and that he was going to have CS-3's wife drive him to a local hotel. Shortly thereafter, agents/officers converged on and executed the arrest of MAGANA at the Red Roof Inn located at Route 7 and Route 4 in Newark, Delaware.

3

9.  Based on the foregoing facts, I submit that there is probable cause to believe that Antonio MAGANA has committed violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (b)(1)(D) and 846 for conspiring to possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine and marijuana and Kevin MASON has committed violations of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (b)(1)(D) and 846 for conspiring to possess with intent to distribute more than five hundred grams of a mixture and substance containing a detectable amount of cocaine, and possessing with intent to distribute marijuana.

_____
Special Agent David B. Hughes
Drug Enforcement Administration

Sworn to and subscribed before
me this 22nd day of December 2007.

_____
HONORABLE Mary Pat Thynge
United States Magistrate Judge
District of Delaware

4