AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA
V.
ANTONIO MAGANA,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-253-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in     21 USC §§ 841 and 846    .
  - ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

~~I find that the credible testimony and information submitted at the hearing establishes by~~ ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, and the affidavit supporting the complaint and the evidence elicited during the preliminary hearing, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial and that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons:

<u>the nature and circumstances of the offense:</u> the Defendant is accused of conspiring to possess with intent to distribute over 500 grams of cocaine as well as marijuana. At least three confidential sources, and co-defendant Kevin Mason, are alleged to have participated in this narcotics operation with Defendant. The conspiracy allegedly began no later than August 2007 and involved shipping through U.S. Mail parcels containing distributable quantities of cocaine and marijuana. If convicted, Defendant faces a mandatory minimum term of incarceration of five years and up to forty years.

<u>the weight of the evidence:</u> is strong. The Court found probable cause following a preliminary hearing. Among other things, CS-1 (who has been corroborated on several points) alleged that Defendant was involved in the conspiracy. In a recorded conversation between Defendant and CS-3, Defendant referenced three packages he was expecting to receive (and three packages matching his description and containing cocaine or marijuana were seized by law enforcement) and also referenced co-Defendant Mason. Co-Defendant Mason has stated that Defendant was his supplier and that a package containing two kilograms of cocaine was intended for Defendant.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

<u>the history and characteristics of the Defendant:</u> the Defendant has no ties to Delaware but has apparently lengthy ties to southern California, where he currently resides. He owns a home there, where he lives with his wife and five children. Until recently being laid off he has been employed full-time. The Defendant's criminal history consists of a misdemeanor possession of marijuana for sale, a DUI, and a May 2007 conviction for driving with a suspended license. With respect to this last charge the Defendant is currently on probation in Los Angeles. Pretrial Services believes that Defendant's travel to Delaware and arrest on the instant offenses violate the terms of his probation. The Court has no information on Defendant's physical or mental condition or drug or alcohol use or abuse. The Defendant's present financial situation is not good, given his ongoing lack of employment, and it appears he would not have the resources to finance cross-country trips for court appearances if he were released to California as he requests. Defendant is a resident alien and a citizen of Mexico.

<u>the nature and seriousness of the danger to the community that would be posed by the Defendant's release:</u> the drug conspiracy in which the Defendant was allegedly engaged posed a substantial danger to the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 28, 2007
Date

*Signature of Judge*

Leonard P. Stark, U.S. Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).